UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                                   :
U.S. SPECIALTY INSURANCE COMPANY,                                  :
                                                                   :
                                            Plaintiff,             :
                                                                   :
                                                                   :
                         -v-                                       :            15-cv-760 (KBF)
                                                                   :
A-VAL ARCHITECTURAL METAL CORP., A-                                :            OPINION & ORDER
VAL ARCHITECTURAL METAL III LLC, FINA                              :
NY CONSTRUCTION CORP., JELENA MISIC,                               :
and the ESTATE OF VLADIMIR BLASKOVIC,                              :
                                                                   :
                                            Defendants.            :
                                                                   :
------------------------------------------------------------------ X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: June 29, 2015 |

KATHERINE B. FORREST, District Judge:

Plaintiff U.S. Specialty Insurance Company ("USSIC") has brought this

action against defendants A-Val Architectural Metal Corp. and A-Val Architectural

Metal III, LLC (collectively, "A-Val"), FINA NY Construction Corp. ("FINA"), Jelena

Misic, and the Estate of Vladimir Blaskovic (the "Blaskovic Estate") seeking to

enforce an indemnity agreement.  USSIC seeks, inter alia, the entry of a money

judgment against defendants, an order directing defendants to deposit $1,750,000

with USSIC as collateral, and an injunction prohibiting the disposal or dissipation

of that collateral.

Now pending before the Court are the Blaskovic Estate's motion to dismiss

for lack of subject matter jurisdiction or alternatively to stay the proceedings (ECF

No. 36), and Misic's Rule motion to dismiss for failure to state a claim (ECF No. 39).

For the reasons that follow, the Blaskovic Estate's motion to dismiss is GRANTED

IN PART AND DENIED IN PART, and Misic's motion to dismiss is DENIED.

USSIC's claim for a money judgment against the Blaskovic Estate shall proceed,

but USSIC's remaining claims against the Blaskovic Estate are dismissed due to

lack of subject matter jurisdiction.  USSIC has stated a plausible claim for relief

against Misic.

I.     BACKGROUND

     A.     Factual Allegations[1]

     A-Val was a construction business that was often required to post

performance and payment bonds in connection with contracts it entered into.  (Am.

Compl. ¶ 11.)  On July 24, 2008, USSIC,[2] A-Val, FINA, Misic, and Vladimir

Blaskovic entered into an indemnity agreement (the "Indemnity Agreement").  (Am.

Compl. ¶ 12 & ex. A.)  The Indemnity Agreement lists A-Val and FINA as

principals, and A-Val, FINA, Blaskovic, and Misic as indemnitors.  (Am. Compl. ex.

A.)  It provides that defendants will indemnify USSIC for damages incurred by

USSIC in fulfilling its obligations under surety bonds issued for A-Val.  (Am. Compl.

¶ 13 & ex. A.)  The Indemnity Agreement also provides that defendants are jointly

and severally obligated to deposit $1,750,000 worth of collateral with USSIC as

collateral security for their obligations to USSIC under the agreement.  (Am.

---

[1] The following facts are alleged in USSIC's amended complaint (the "Amended Complaint") (ECF No. 32 ("Am. Compl.")), the indemnity agreement attached to it (Am. Compl. ex. A), and public records of court proceedings.

[2] The Indemnity Agreement was executed by USSIC's affiliate on behalf of all affiliated companies. (See Am. Compl. ¶ 12; ECF No. 36 at 1 n.1.)  The Court's references to "USSIC" throughout this Opinion encompass both USSIC itself and its relevant affiliates.

Compl. ¶ 32.)  Defendants assigned their rights to certain contract proceeds to USSIC as collateral security.  (Am. Compl. ¶ 36.)

In reliance on this agreement, USSIC issued various security bonds on behalf of A-Val, under which USSIC was obligated to perform A-Val's obligations under the bonded contracts should A-Val fail to perform.  (Am. Compl. ¶¶ 21-22.)   Around September 2014, A-Val ceased business operations, at which time USSIC began performing under the surety bonds.  (Am. Compl. ¶¶ 23-24.)

Vladimir Blaskovic died on September 5, 2010, after which estate proceedings were initiated in New York Surrogate's Court, Queens County.  (Am. Compl. ¶ 17.) The Estate continued A-Val's operation following his death.  (See Am. Compl. ¶¶ 19-23.)  On October 29, 2014, USSIC filed a claim with the administrator of the Blaskovic estate.  (Am. Compl. ¶ 26.)  The claim demands that the Blaskovic Estate comply with its obligations under the Indemnity Agreement.  (Am. Compl. ¶ 26.) The claim was not expressly allowed or denied, but under New York Surrogate's Court Procedure Act § 1806(3) it has been deemed denied.  (Am. Compl. ¶ 26.)  A-Val subsequently filed for voluntary Chapter 7 bankruptcy on May 7, 2015.  In re A-Val Architectural Metal III LLC, No. 15-22654-rdd (Bankr. S.D.N.Y. filed May 7, 2015); In re A-Val Architectural Metal Corp., No. 15-22655-rdd (Bankr. S.D.N.Y. filed May 7, 2015).

B.    Procedural Background

USSIC filed the initial complaint in this action on February 2, 2015.  (ECF No. 1.)  On March 5, 2015 and on April 7, 2015, the Court entered stipulations and consent orders permitting A-Val to conduct sales of equipment, office furniture, and

office supplies, the net proceeds of which would be provided to USSIC.  (ECF Nos. 10, 17.)  A-Val answered the Complaint on April 22, 2015.  (ECF No. 18.)

The Blaskovic Estate filed a Rule 12(b)(1) motion to dismiss on April 22, 2015.  (ECF No. 19.)  USSIC filed the Amended Complaint on May 4, 2015 (Am. Compl.), mooting the Blaskovic Estate's motion, as reflected in an order dated May 5, 2015 (ECF No. 33).

On May 15, 2015, the Blaskovic Estate moved to dismiss the Amended Complaint under Rule 12(b)(1), or alternatively to stay the proceedings, and Misic moved to dismiss the Amended Complaint under Rule 12(b)(6).  (ECF Nos. 36, 39.)  USSIC filed its briefs in opposition to the motions on May 29, 2015.  (ECF Nos. 42, 44.)  The motions became fully briefed on June 4, 2015.  (ECF Nos. 45-46.)

## II.   LEGAL STANDARDS

### A.   Legal Standards Applicable to the Estate of Vladimir Blaskovic's Motion to Dismiss under Rule 12(b)(1)

#### 1.   Rule 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  Plaintiffs bear the burden of establishing this Court's jurisdiction by a preponderance of the evidence.  Id.  They must do so affirmatively—and may not simply rely upon favorable inferences drawn from the complaint.  Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).  "[W]here jurisdictional facts are in dispute, the court has the power and obligation

to decide issues of fact by reference to evidence outside of the pleadings such as affidavits." <u>Tandon v. Captain's Cove Marina of Bridgeport, Inc.</u>, 752 F.3d 239, 243 (2d Cir. 2014).

        2.    <u>The probate exception.</u>

The "probate exception" to this Court's jurisdiction "is an historical aspect of federal jurisdiction that holds probate matters are excepted from the scope of federal diversity jurisdiction." <u>Lefkowitz v. Bank of N.Y.</u>, 528 F.3d 102, 105 (2d Cir. 2007) (internal quotation marks omitted).  Under the probate exception, a federal court should decline subject-matter jurisdiction only if a plaintiff seeks either (1) to administer an estate, probate a will, or do any other "<u>purely</u> probate matter," or (2) "to reach a res in the custody of a state court." <u>Id.</u> at 106 (emphasis in original) (quoting <u>Marshall v. Marshall</u>, 547 U.S. 293, 312 (2006)).  "[S]o long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court, if jurisdiction otherwise lies, then the federal court may, indeed must, exercise it." <u>Id.</u> at 106.  The probate exception applies to claims through which a plaintiff seeks, "in essence, disgorgement of funds that remain under the control of the Probate Court." <u>Id.</u> at 107.

However, a "federal court properly 'exercise[s] its jurisdiction to adjudicate rights in [property in the custody of a state court] where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.'" <u>Id.</u> at 108 (alterations in original) (quoting <u>Marshall</u>, 547 U.S. at 310).  Thus, the probate exception does not apply when a federal court's

adjudication of a claim would "leave undisturbed the orderly administration of decedent's estate in the state probate court," and merely "decree petitioner's right in the property to be distributed after its administration." Moser v. Pollin, 294 F.3d 335, 343 (2d Cir. 2002) (quoting Markham v. Allen, 326 U.S. 490, 495 (1946)).  The probate exception also does not apply to claims in which a defendant seeks "damages from [a defendant] personally rather than assets or distributions from [an] estate." Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy, 406 Fed. App'x 507, 509 (2d Cir. 2010) (second alteration in original) (quoting Lefkowitz, 528 F.3d at 107).

### 3.    *Colorado River* abstention.

Under the abstention doctrine first set forth by the Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), in certain "exceptional circumstances . . . a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (citations and internal quotation marks omitted).  "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Id. (quoting Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998)).

In evaluating whether Colorado River abstention is appropriate, federal district courts consider six factors: (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is

6

less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights. Id. at 100-01 (quoting Woodford v. Cmty. Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001)). No one factor is determinative, and the balance is "heavily weighted in favor of the exercise of jurisdiction." Id. (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)). "Only the clearest of justifications will warrant dismissal." Id. at 101 (quoting Colorado River, 424 U.S. at 819).

4.   *Thibodaux* abstention.

Under the Thibodaux abstention doctrine, it is appropriate for a district court to abstain from exercising diversity jurisdiction where "there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." Telesco v. Telesco Fuel & Masons' Materials, Inc., 765 F.2d 356, 360 (2d Cir. 1985) (citing La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959)); see also Aurelius Capital Master, Inc. v. MBIA Ins. Corp., 695 F. Supp. 2d 68, 73 (S.D.N.Y. 2010) ("Under the Thibodaux abstention doctrine, a district court may abstain from exercising diversity jurisdiction to avoid deciding an unclear and important issue of state law bearing upon sovereign prerogative." (citing Thibodaux, 360 U.S. at 27-28)). Thibodaux abstention is appropriate only if both the relevant question of state law is unclear and that question has a "broad impact on state policy"—neither

7

condition "is alone sufficient."  Smith v. Metro Prop. & Liab. Ins. Co., 629 F.2d 757, 760 (2d Cir. 1980).

   B.   Legal Standard Applicable to Jelena Misic's Motion to Dismiss under Rule 12(b)(6)

   To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570); see also Iqbal, 556 U.S. at 678 (same).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

   The Court must accept as true—for purposes of this motion only—the facts as alleged in the pleadings, and the Court must draw all inferences in plaintiffs' favor.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57).  Thus, if a fact is susceptible to two or more competing inferences, in evaluating these motions, the Court must, as a matter of law, draw the inference that favors the plaintiff so long as it is reasonable.  N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC, 709 F.3d 109, 121 (2d Cir. 2013).  "[T]he existence of other, competing inferences does not prevent the plaintiff[s'] desired inference from qualifying as reasonable unless at least one of those

8

competing inferences rises to the level of an obvious alternative explanation." Id. (internal quotation marks omitted).

The Court does not, however, credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. If the court can infer no more than "the mere possibility of misconduct" from the factual averments—in other words, if the well-pleaded allegations of the complaint have not "nudged their claims across the line from conceivable to plausible," dismissal is appropriate. Twombly, 550 U.S. at 570.

III.    DISCUSSION

    A.    The Estate of Vladimir Blaskovic's Motion to Dismiss under Rule 12(b)(1)

        1.    The probate exception.

Under the probate exception, this Court lacks subject matter jurisdiction over USSIC's Second and Third Causes of Action insofar as they seek specific performance and injunctive relief. However, the Court does have subject matter jurisdiction over USSIC's First and Second Causes of Action insofar as they seek the entry of a money judgment against defendants. Further, USSIC has stated a plausible claim for relief in the form of a monetary judgment based on defendants' signing of the Indemnity Agreement. Accordingly, USSIC's First and Causes of Action shall proceed insofar as they seek the entry of a money judgment; USSIC's remaining claims for relief are dismissed.

In the Amended Complaint, USSIC asserts three causes of action against the Blaskovic Estate. In its First Cause of Action, USSIC seeks "the entry of a money

judgment" against defendants based on the damages incurred by USSIC as a result of issuing surety bonds on behalf of A-Val, as well as "interest, attorneys' fees, costs and disbursements." (Am. Compl. ¶ 30.) In its Second Cause of Action, USSIC seeks "specific performance of the Indemnitors' collateral deposit obligation, the entry of an injunction directing the defendants to pay [USSIC] the sum of $1.75 million pursuant to the collateral deposit provision of the Indemnity Agreement, and the entry of a money judgment in like amount." (Am. Compl. ¶ 34.) USSIC's Second Cause of Action also seeks "with respect to the [Blaskovic] Estate only, the entry of a money judgment for use by USSIC if and when authorized pursuant to § 11-4.6 of the Estates, Powers, and Trusts Law or other applicable laws." (Am. Compl. ¶ 34.) In its Third Cause of Action, USSIC seeks "specific performance" of the defendants' obligations with respect to the collateral, and "the entry of an injunction" prohibiting defendants from disposing of or dissipating the collateral and ordering them to pay over or surrender it to USSIC. (Am. Compl. ¶ 42.)

Under the probate exception, this Court does not have jurisdiction to order the Blaskovic Estate to perform its obligations with respect to the collateral under the Indemnity Agreement, or to issue any injunction governing funds or property in the possession of the Blaskovic Estate. The Surrogate's Court proceedings regarding the Blaskovic Estate are still ongoing, and thus any property or funds owned by the Blaskovic Estate are a <u>res</u> in the custody of a state court. This Court therefore cannot grant USSIC the injunctive relief it seeks in the Amended Complaint, as by doing so the Court would be asserting control over funds or

property currently being administered by the Surrogate's Court, or mandating "disgorgement of funds that remain under the control of the Probate Court," Lefkowitz, 528 F.3d at 107.  This is precisely the sort of relief that under the probate exception this Court cannot provide.  Indeed, USSIC appears to acknowledge this in its opposition to the Blaskovic Estate's motion.

However, the Court may properly exercise jurisdiction over USSIC's claims against the Blaskovic Estate insofar as they seek a money judgment.  Adjudicating these claims would not interfere with the ongoing Surrogate's Court proceedings because doing so would only require the Court to "decree" USSIC's "right in the property to be distributed after its administration."  Moser, 294 F.3d at 343 (quoting Markham, 326 U.S. at 495).  That is, adjudicating these claims only requires the Court to determine whether USSIC has a valid claim against the Blaskovic Estate—the Court would not (and could not) determine any issues of claim priority, and would not interfere with the state court's possession of the Blaskovic Estate's funds and property "save to the extent that the state court is bound by the judgment to recognize the right adjudicated" by this Court.  Lefkowitz, 528 F.3d at 108 (quoting Marshall, 547 U.S. at 310).  Indeed, it is for these reasons that the probate exception does not extend—as A-Val would have it—to all instances in which an estate continues operating a deceased individual's business and is then sued for damages in a breach of contract action.

Thus, so long as USSIC has stated a plausible claim for a money judgment against the Blaskovic Estate, the Court may proceed to adjudicate this claim.

USSIC has stated just such a plausible claim.  In this regard, the Amended Complaint is rather straightforward: Vladimir Blaskovic entered into the Indemnity Agreement with USSIC, under which he was obligated to indemnity USSIC for damages incurred by USSIC in fulfilling obligations under surety bonds issued for A-Val (Am. Compl. ¶¶ 12-13 & ex. A), and under which he was obligated to provide USSIC with collateral (see Am. Compl. ¶¶ 32, 36).  USSIC has had to pay out claims under the surety bonds it issued, and has served upon the administrators of the Blaskovic Estate a written claim against the Estate demanding that the Estate comply with its obligations under the Indemnity Agreement, which the Blaskovic Estate has effectively denied.  (Am. Compl. ¶¶ 23-26.)  Accordingly, the Amended Complaint's allegations regarding Blaskovic and the Indemnity Agreement are sufficient to state a claim under Twombly.[3]

       2.    Abstention.

The Blaskovic Estate argues that this Court should abstain from adjudicating this matter under the Colorado River and the Thibodaux abstention doctrines.  Neither doctrine counsels toward abstaining in this case.

Here, Colorado River abstention would be inappropriate because this Court's determination of USSIC's claim for a money judgment would not interfere with an

---

[3] The Blaskovic Estate argues that the doctrine of "prior exclusive jurisdiction" prevents this Court from exercising subject matter jurisdiction over USSIC's claims.  However, "[t]hat doctrine is in essence a rule of comity that prevents conflicts from arising between multiple courts attempting to exercise jurisdiction over the same property."  Bank of N.Y. Mellon v. Bell, No. 3:11–cv–1255 (JAM), 2014 WL 7270232, at *6 (D. Conn. Dec. 18, 2014); see also Marshall, 547 U.S. at 311 (noting the "general principle that, when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res").  But adjudicating USSIC's right to a money judgment against the Blaskovic Estate does not require this Court to exercise jurisdiction over a res, and thus the doctrine of prior exclusive jurisdiction has no bearing on this Court's ability to adjudicate USSIC's remaining claims against the Blaskovic Estate.

ongoing Surrogate's Court proceeding—the Surrogate's Court would only later be called upon to enforce the judgment and to decide the priority of the claim to which USSIC is entitled based on that judgment—nor would this Court be deciding any issues of state probate law.  Simply put, this action and the Surrogate's Court proceeding are not parallel, and the <u>Colorado River</u> factors do not weigh in favor of abstention here.  Further, <u>Thibodaux</u> abstention would be inappropriate because the Court is here presented with a simple breach of contract action involving no "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar."  <u>Telesco</u>, 765 F.2d at 360 (citing <u>Thibodaux</u>, 360 U.S. 25).  Thus, the Court need not abstain from adjudicating USSIC's claim for a money judgment against the Blaskovic Estate under either the <u>Colorado River</u> abstention doctrine or the <u>Thibodaux</u> abstention doctrine.[4]

Accordingly, the Blaskovic Estate's motion to dismiss is GRANTED IN PART AND DENIED IN PART.  USSIC's First Cause of Action shall proceed; its Second Cause of Action shall proceed only insofar as it seeks the entry of a money judgment against defendants; and its Third Cause of Action is dismissed.

---

[4] At this stage of the proceedings, it would be inappropriate for this Court to rule on the parties' dispute regarding whether USSIC may recover future damages as a matter of law.  This matter is most appropriately dealt with on a motion for summary judgment.  At present, the question before this Court is whether USSIC has stated a plausible claim for a monetary judgment, and as explained above, the answer to that question is that it has.

B.    Jelena Misic's Motion to Dismiss under Rule 12(b)(6)

Misic's motion to dismiss is denied because USSIC has stated a plausible claim for relief against Misic, and because Misic's arguments to the contrary rely almost entirely on factual allegations outside the pleadings.

The Amended Complaint alleges that Misic signed the Indemnity agreement (Am. Compl. ¶¶ 12-13 & ex. A), that USSIC issued surety bonds in reliance upon and within the scope of the Indemnity Agreement (Am. Compl. ¶¶ 14, 21), that USSIC incurred losses for which Misic is obligated to indemnify USSIC (Am. Compl. ¶¶ 23-25, 29), and that Misic has breached her obligations under that agreement (see Am. Compl. ¶¶ 27-42).  Under Twombly, these allegations are sufficient to state a claim against Misic.

Misic nevertheless argues that the Court should dismiss the claims against her because the Indemnity Agreement is not a valid contract.  In Misic's view, her obligations under the Indemnity Agreement were terminated as a matter of law when the Blaskovic Estate did not dissolve A-Val following Blaskovic's death, thereby resulting in a material change to A-Val's character that in turn implies that under USSIC was contractually required to obtain Misic's consent if it expected to hold her responsible for violations of the Indemnity Agreement.  However, Misic's argument here would be more appropriately considered on a motion for summary judgment—as explained above, USSIC has stated a plausible claim under the Indemnity Agreement against Misic, and that is sufficient to defeat Misic's motion.

Misic further argues, based on factual allegations submitted in an affidavit she submitted on her own behalf, that: (1) she and her company, FINA, applied for

14

only one surety bond from USSIC, and FINA performed its work satisfactorily and obtained a release of that bond; (2) her subjective understanding was that her obligations under the Indemnity Agreement were limited to that one bond; (3) she was not personally involved with or aware of the management of A-Val after Blaskovic died; (4) she has not communicated with USSIC since 2009; and (5) she has few assets and is worried that a judgment against her will force her into bankruptcy.  (See Affidavit of Jelena Misic, ECF No. 40.)  As these factual allegations appear outside the pleadings, the Court may not properly consider them or arguments based on them at the motion to dismiss stage.

Accordingly, Misic's motion to dismiss is DENIED.

IV.    CONCLUSION

For the foregoing reasons, the Blaskovic Estate's motion to dismiss is GRANTED IN PART AND DENIED IN PART, and Misic's motion to dismiss is DENIED.  USSIC's claim for a money judgment against the Blaskovic Estate and its claims against Misic shall proceed.  USSIC's remaining claims are dismissed.

The Clerk of Court is directed to close the motion at ECF Nos. 36 and 39.

SO ORDERED.

Dated:      New York, New York
            June 29, 2015

KATHERINE B. FORREST
United States District Judge